FIGUEROA, APELANTE, *v.* DÍAZ ET AL., APELADOS.

## APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

### No. 853.—Resuelto en junio 16, 1913.

HIJOS NATURALES—ACCIÓN DE NULIDAD DE DECLARATORIA DE HEREDEROS—PRUE-BAS.—En una acción sobre nulidad de declaratoria de herederos, entablada por una hija natural bajo el supuesto de que ha sido reconocida debidamente por su padre, cuya alegación fué negada por el demandado, la única prueba pertinente para justificar la alegación fundamental del reconocimiento es el documento público y fehaciente que lo acreditara o la sentencia ejecutoria que lo ordene.

ID.—ACCIÓN DE NULIDAD DE DECLARATORIA DE HEREDEROS—PRUEBAS.—En una acción sobre nulidad de declaratoria de herederos entablada por una hija natural bajo el fundamento de haber sido reconocida debidamente por el padre, es inadmisible como prueba para justificar tal reconocimiento, un documento que contiene la manifestación hecha por una hermana del supuesto padre natural de que la sucesión de éste, compuesta de ella y otra hermana y de su hija la demandante, ha estado en posesión de determinada finca.

ID.—ACCIÓN DE RECONOCIMIENTO—PRUEBAS—ACTA DE MATRIMONIO DE LA HIJA NATURAL.—No constituye un reconocimiento auténtico y fehaciente el hecho de que el supuesto padre de la hija natural asistiera a la celebración del matrimonio de ella y firmara el acta en donde se hacía constar que la contra-yente era hija reconocida del mismo, cuando no aparece que él hiciera mani-festación alguna expresa acerca del reconocimiento, ni siquiera indicara que daba consentimiento a su hija para contraer matrimonio.

ID.—ACCIÓN DE RECONOCIMIENTO—NECESIDAD DE EJERCITARLA.—El ejercicio de la acción de reconocimiento es indispensable cuando el padre no lo ha hecho o se niega a hacerlo de una manera solemne, pudiendo sólo prescindirse del ejercicio de dicha acción, cuando de tal reconocimiento existe constancia auténtica y fehaciente, o ha sido declarado por sentencia de tribunal com-petente.

ID.—PARTIDA DE BAUTISMO Y DE MATRIMONIO.—La mera expresión en una partida de bautismo del reconocimiento de una persona como hijo natural, no consti-tuye prueba de presunción de que tal reconocimiento se hizo, pues tanto dicha partida como la de matrimonio solamente hacen fe de la administración del bautismo y de la celebración del matrimonio en la fecha que expresan.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado de las apeladas: *Sr. José Martínez Dávila.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ emitió la opinión del tribunal.

Con fecha 8 de marzo del año 1911 produjo demanda ante la Corte de Distrito del Distrito Judicial de San Juan, *Ramona Figueroa* v. *Teresa y Encarnación Díaz,* para que se anulara la orden dictada por dicha corte por los meses de octubre a noviembre del año de 1910, declarando a las demandadas herederas de Pablo Díaz conocido por Pablo Figueroa Díaz y en su lugar se declarara a la demandante única y universal heredera del Pablo Díaz con las costas, desembolsos y honorarios de abogado a cargo de las demandadas.

Como hechos fundamentales de su demanda alega Ramona Figueroa:

*Primero.* Que es hija natural reconocida de Pablo Díaz conocido por Pablo Figueroa Díaz.

*Segundo.* Que Pablo Díaz falleció en el poblado de Cataño, jurisdicción de Bayamón, el 2 de mayo de 1908 sin otorgar disposición testamentaria alguna.

*Tercero.* Que las demandadas por los meses de octubre a noviembre de 1910 solicitaron y obtuvieron de la Corte de Distrito de San Juan, Sección 1ª., una orden declarándolas herederas abintestato de Pablo Díaz, sin perjuicio de tercero, bajo la alegación falsa de ser las únicas herederas en línea colateral de Díaz, por no haber dejado éste descendientes legítimos ni ilegítimos reconocidos ni tampoco ascendientes.

A dicha demanda opusieron las demandadas la excepción previa de que no aducía hechos suficientes para determinar una causa de acción, cuya excepción fué desestimada y entonçes contestaron la demanda negando general y específicamente todos y cada uno de los hechos consignados en la misma.

Celebrado el juicio la corte dictó sentencia en 4 de diciembre de 1911 denegando las pretensiones de la demanda sin especial condenación de costas, y fundando su decisión en que no existe prueba suficiente del reconocimiento de la demandante Ramona Figueroa por su padre, Pablo Díaz, conocido por Pablo Figueroa Díaz, pues si bien ese reconocimiento expreso o tácito puede acreditarse por cualquiera de los me-

dios probatorios admitidos en derecho, cuando se entabla la acción de filiación, no sucede lo propio en el presente caso en que se ha ejercitado la acción de nulidad de declaratoria de herederos bajo la alegación fundamental de que la demandante fué reconocida, cuyo reconocimiento debe constar en forma debida para que tenga eficacia legal a los fines perseguidos en la demanda.

Contra la sentencia expresada interpuso la representación de la demandante recurso de apelación para ante esta Corte Suprema.

Examinado el escrito de exposición del caso resulta que la demandante propuso en evidencia los siguientes documentos:

*Primero.* Partida de nacimiento de Ramona Figueroa, de la que aparece que fué bautizada en 16 de febrero de 1874 con el nombre de Ramona del Carmen y que nació en 5 de diciembre del año anterior, en cuya partida se consigna que es hija natural reconocida de Pablo Figueroa y de Juana Canales, que son sus abuelos paternos Ramón Figueroa y Carmen Díaz, abuela materna Cecilia Canales y padrinos Ramón y Encarnación Figueroa.

*Segundo.* Acta de defunción de Pablo Figueroa ocurrida en 2 de mayo de 1908, en la que se consigna que era hijo legítimo de Ramón Figueroa y Carmen Díaz, que estaba soltero al ocurrir su fallecimiento y que deja una hija nombrada Ramona.

*Tercero.* Acta de matrimonio de Ramona Figueroa y Eulogio del mismo apellido, que para la mejor apreciación de su contenido con relación al reconocimiento de la demandante, transcribimos íntegra a continuación, y dice así:

"Número 48. Don Eulogio Figueroa y Rivera con Doña Ramona Figueroa y Canales. En Puerto Rico, hoy día de la fecha, se procedió a transcribir el matrimonio canónico a que se refiere el acta que copiado dice así: 'En Puerto Rico término municipal de la capital a cinco de abril de mil ochocientos noventa y tres; hallándome yo el infrascrito Don Lupercio Oller, en la iglesia parroquial de San Fran-

cisco de Asís, adonde me trasladé como delegado nombrado por el Sr. juez municipal del referido distrito, para asistir en cumplimiento de lo dispuesto en el artículo 77 del Código Civil, a la celebración del matrimonio convenido entre Don Eulogio Figueroa y Rivera y Doña Ramona Figueroa y Canales y en virtud de orden del propio juez, declaro, que a mi presencia ha procedido el presbítero Don Eulogio García de Caso, Cura Párroco de la referida iglesia, a unir en matrimonio canónico a los referidos Don Eulogio Figueroa, de edad de veinte y un años, natural de Santo Domingo, vecino de esta capital hijo reconocido de Don José Figueroa y Doña Silveria, y Doña Ramona Figueroa, de edad de diez y nueve años, natural de la capital y vecina de la misma, hija reconocida de don Pablo Figueroa y Doña Teresa Canales, habiendo asistido además a dicho acto el padre y madre de la desposada y testigos don Pedro Manuel Padial, mayor de edad y vecino de esta capital y Don Eusebio Vázquez, mayor de edad y vecino de esta capital, y para que conste levanto la presente acta de inscripción del expresado matrimonio, lo cual será transcrito inmediatamente en la sección de matrimonio del registro civil del juzgado municipal a los efectos del artículo 77 del Código Civil, firmándolo conmigo los testigos asistentes y los contrayentes con el padre de la novia después de enterado de su contenido, de lo que certifico. Lupercio Oller. Eulogio Figueroa y Rivera. Ramona Figueroa y Canales. Pedro M. Padial. Eusebio Vázquez. Pablo Figueroa. Hay seis rúbricas. El acta transcrita queda archivada en este Registro Civil en el legajo número uno de la sección de matrimonios. Puerto Rico a cinco de abril de mil ochocientos noventa y tres. Entre paréntesis. Contrayentes. No vale. Firmado, Manuel F. Rossy, Damián Monserrat. Hay un sello. Don José A. Hernández Vélez, Secretario Accidental y Encargado del Registro Civil de San Juan.''

*Cuarto.* Copia de una instancia jurada y firmada por Teresa Figueroa en 29 de abril de 1910, en cuya instancia pide Teresa Figueroa a la comisión designada para transar las reclamaciones de terrenos en el barrio de Cataño del municipio de Bayamón, que les sea concedida a ella y a su hermana Encarnación Figueroa, la propiedad de cierto solar que describe, a cuyo fin alega, que dicho solar fué concedido a Pablo Figueroa por el Concejo Municipal de Bayamón en 1904, y Pablo Figueroa lo mejoró poniéndolo en buen estado de higiene y

salubridad, habiendo construído en él una casa de maderas que poseyó en unión del solar, hasta su muerte, desde la cual habían estado en posesión de la finca sus hermanas Teresa y Encarnación Figueroa y su hija Ramona, sus sucesoras hoy, cuya sucesión había construído posteriormente al costado de la casa, una casita de madera destinada a depósito de leche.

*Quinto.* Copia del récord de Teresa Díaz conocida por Teresa Figueroa sobre declaratoria de herederos abintestato de Pablo Díaz, de la que aparece que a solicitud jurada de Teresa Díaz y mediante la documentación que presentaron fueron declaradas por orden de la Corte de Distrito de San Juan, Sección 1ª., de 31 de octubre de 1910, únicas y universales herederas de Pablo Díaz conocido generalmente por Pablo Figueroa Díaz, sus hermanas Teresa y Encarnación Díaz, por partes iguales, sin perjuicio de tercero de igual o de mejor derecho.

La representación de las demandadas se opuso a la admisión de la partida de nacimiento de Ramona Figueroa, del acta de defunción de Pablo Figueroa y del acta de matrimonio de Ramona Figueroa, porque el primer documento no está suscrito por Pablo Figueroa y sólo hace prueba de la fecha del nacimiento de la demandante, porque el segundo documento prueba exclusivamente la defunción de Pablo Figueroa, y porque el acta de matrimonio de Ramona Figueroa es impertinente, toda vez que sólo prueba que Ramona Figueroa es casada.

La corte admitió la partida de bautismo para probar la fecha en que éste se verificó, pero no las manifestaciones que puedan hacerse en esa partida; admitió también la partida de defunción de Pablo Figueroa con el fin de probar su fallecimiento y admitió por último el acta de casamiento de Ramona Figueroa, sin perjuicio de darle la validez que en derecho tenga.

No aparece que contra esas resoluciones de la corte se tomara excepción alguna.

También se opuso la representación de las demandadas a que se admitiera copia de la instancia jurada presentada por Teresa Figueroa a la comisión designada para transar las reclamaciones de terrenos en el barrio de Cataño del municipio de Bayamón, en la que la Teresa afirma que ella y Encarnación Figueroa, hermanas del Pablo Figueroa y Ramona, hija de éste, están en posesión de cierta finca del Pablo Figueroa, alegando como razón de su oposición que nadie más que Pablo Figueroa puede reconocer a su hija Ramona. Esa objeción fué sostenida por la corte y la representación de la demandante tomó excepción.

Hemos reseñado las pruebas practicadas en el juicio a instancia de la parte demandante, pues las demandadas no propusieron prueba alguna.

Los motivos legales en que la parte apelante funda su recurso pueden sintetizarse en los siguientes:

(*a*) Que la corte inferior cometió error al sostener la objeción de las demandadas contra la admisión de la instancia jurada presentada por Teresa Figueroa a la comisión designada para transar las reclamaciones de terrenos en el barrio de Cataño del municipio de Bayamón.

(*b*) Que también cometió error la expresada corte al no estimar justificado por el acta de matrimonio de Ramona Figueroa con Eulogio del mismo apellido, el reconocimiento de la filiación natural de la primera por su padre Pablo Figueroa, siendo como es aquella acta un documento público auténtico y solemne.

(*c*) Que además erró la corte inferior al establecer que se hace necesario ejercitar previamente la acción de filiación contra un padre natural que ha reconocido pública y solemnemente de manera indubitable a su hija ilegítima.

(*d*) Que la corte inferior infringió su orden de 31 de octubre de 1910 que declaró herederas de Pablo Figueroa Díaz a las hermanas Teresa y Encarnación Díaz sin perjuicio de tercero de mejor derecho que pudiera presentarse a reclamar derechos hereditarios, como lo es la demandante.

(*e*) Que la corte inferior erró al estimar que la partida
de bautismo sólo es admisible como prueba de su adminis-
tración y al no admitirla como prueba de presunción de la
filiación derivada del hecho de consentirse sin reclamación
ni protesta que figure en los archivos públicos parroquiales
como hija natural de cierto padre, la que no lo fuera.

Examinemos por su orden los errores que dejamos apun-
tados.

### ERRORES.

(*a*) La alegación hecha por Teresa Figueroa en el escrito
o instancia de 29 de abril de 1910 que aquella dirigió a la
comisión designada para transar las reclamaciones de terre-
nos en el barrio de Cataño del municipio de Bayamón, con
el fin de que a ella y a su hermana Encarnación les fuera re-
conocida la propiedad de cierto solar cedido a Pablo Figue-
roa por el concejo municipal de dicho pueblo en 1904, expre-
siva esa alegación de que Teresa y Encarnación Figueroa,
hermanas de Pablo Figueroa y su hija Ramona, constituyen-
tes de la sucesión del Pablo Figueroa habían estado en pose-
sión de la finca reclamada, no era prueba admisible en el
presente juicio, cuyo objeto no es el reconocimiento de la filia-
ción natural de la demandante sino la nulidad de la declara-
toria de herederas de Pablo Figueroa Díaz hecha a favor de
las demandadas.

Habiéndose establecido como uno de los hechos funda-
mentales de la demanda el reconocimiento de la filiación de
la demandante por Pablo Díaz conocido por Pablo Figueroa
Díaz, sin ejercitarse la acción de reconocimiento y negado
como fué tal reconocimiento por las demandadas, la única
prueba pertinente para justificar la alegación fundamental
del reconocimiento era el documento público y fehaciente que
lo acreditara o la sentencia ejecutoria que lo ordenara.

En la instancia de que se deja hecho mérito Pablo Figue-
roa no reconocía como su hija natural a la demandante, ni
tampoco la manifestación hecha por Teresa Figueroa de que

ella con su hermana, Encarnación, y con la demandante, hija de Pablo Figueroa, componían la sucesión de éste, era bastante para suplir la falta de reconocimiento solemne por parte de Pablo Figueroa.

No aparece de la instancia a que nos referimos que Pablo Figueroa hubiera reconocido en forma auténtica a la demandante y por tanto la corte sostuvo con razón la oposición de las demandadas a la admisión de semejante prueba.

(*b*) Tampoco el acta de matrimonio de la demandante Ramona Figueroa con Eulogio del mismo apellido en los términos en que está redactado constituye prueba satisfactoria del reconocimiento de Ramona Figueroa por Pablo Figueroa Díaz, por más que dicha acta sea un documento público y fehaciente. Según el apartado 1°. del artículo 1186 del Código Civil, los documentos públicos hacen prueba aun contra tercero del hecho que motiva su otorgamiento y de la fecha de éste. Haciendo aplicación de ese precepto al presente caso, tendremos que el acta de referencia demostraría la celebración del matrimonio de la demandante con Eulogio Figueroa y que ese matrimonio fué celebrado en la fecha que se indica. Aunque en el acta se consigna que Ramona Figueroa es hija reconocida de Pablo Figueroa y éste firmó dicha acta, no aparece que él hiciera manifestación alguna expresa acerca del reconocimiento, ni siquiera se indica que diera el consentimiento a su hija para contraer matrimonio, no ejecutó acto alguno que demostrara el reconocimiento de un modo indudable, pues el hecho de haber firmado el acta sin dar explicación alguna de que al firmarla tuviera el propósito de manifestar su conformidad con la paternidad que se le atribuía, tiende más bien a testificar la celebración del matrimonio y su asistencia al mismo, que al reconocimiento de la filiación de Ramona Figueroa. Esa acta de matrimonio no es un documento público y solemne que demuestre el reconocimiento de Ramona Figueroa y por tanto, no cometió la corte inferior el error que se le atribuye.

(*c*) Huelga discutir este error, pues parte de un supuesto

falso, o sea de que Pablo Figueroa ha reconocido pública y solemnemente de manera indubitable a la demandante. Ya hemos resuelto en el caso de *Calaf et al.* v. *Calaf*, 17 D. P. R., 198, que con arreglo a la doctrina legal consignada en los casos de *Amsterdam et al.* v. *Puente et al.*, 16 D. P. R., 554, de *Puente et al.* v. *Puente et al.*, 16 D. P. R., 582, y en el de *Rijos* v. *Folgueras et al.*, 16 D. P. R., 624, se hace preciso ejercitar la acción de reconocimiento cuando el padre no lo ha hecho o se niega a hacerlo de una manera solemne, pudiendo sólo prescindirse del ejercicio de dicha acción cuando de tal reconocimiento existe constancia auténtica y fehaciente o ha sido declarado por sentencia de tribunal competente.

(*d*) Tampoco existe el error letra *d,* pues no habiendo estimado la corte que la demandante justificara ser hija natural reconocida de Pablo Figueroa, en cuyo concepto solicitó se le declarara única y universal heredera del mismo, lejos de ser infringida la orden de 31 de octubre de 1910 que declaraba herederas a las demandadas sin perjuicio de tercero de mejor derecho, tuvo debida aplicación.

(*e*) Para contradecir ese error nos basta reproducir lo que ya dijimos al resolver el caso de *Rodríguez* v. *Rodríguez et al.,* 18 D. P. R., 440:

"Las partidas de bautismo y de matrimonio como en general todos los documentos públicos, hacen fe del hecho que motivó su otorgamiento y de la fecha de éste o sea de la administración del bautismo y de la celebración del matrimonio en la fecha que expresan; pero no de la veracidad de las manifestaciones que en ellas se insertan respecto de la filiación o estado del bautizado o casado. Esa es la doctrina legal derivada de sentencias del Tribunal Supremo de España de 28 de junio de 1864, 18 de marzo de 1873, 24 de junio de 1897, y 13 de junio de 1899, doctrina conforme con el precepto del artículo 1186 del Código Civil vigente."

La alegación hecha por la parte apelante de que la mera expresión en una partida de bautismo del reconocimiento de una persona como hija natural constituye prueba de pre-

sunción de que tal reconocimiento se hizo, es abiertamente errónea, pues no conocemos ley alguna substantiva o adjetiva que autorice dicha presunción.

Por las razones expuestas procede la confirmación de la sentencia apelada.

*Confirmada.*

Juez concurrente: Sr. Aldrey.

Juez disidente: Sr. del Toro.

El Juez Asociado Sr. Wolf firmó haciendo constar estar conforme con la sentencia y reservándose el emitir voto concurrente.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.